IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| FUNDAMENTAL ADMIN. SERVS., LLC, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-13-1708 |
| KRISTI ANDERSON, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This memorandum and order incorporates the Court's prior order of June 24, 2013 (ECF No. 13), dissolving the temporary restraining order entered on June 14 (ECF No. 5), denying Plaintiff's request for preliminary injunctive relief (ECF No. 2), denying without prejudice Defendant's motion for sanctions (ECF No. 9), vacating the hearing set for June 25 to consider the question of preliminary injunctive relief, quashing Defendant's subpoena to Mark Fulchino, and denying as moot Plaintiff's motion to quash the subpoena (ECF No. 11). Pending before the Court is Plaintiff's motion for reconsideration (ECF No. 14), indicating the Court's June 24 order was entered before Plaintiff had an opportunity to file its reply brief. Attached to the motion are the reply brief and exhibits.

The motion will be granted to the extent the Court has considered the additional materials filed by Plaintiff, but its ruling remains the same. The Court was, and is, satisfied that the standard for preliminary injunctive relief established in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), has not been met. The Court emphasizes that the only question on which a ruling has been made is whether Plaintiff is entitled to preliminary injunctive relief.

No ruling has been made on the merits, and the Court has not declared that Defendant is not bound by her ethical and contractual obligations to Plaintiff.

Further, the context in which preliminary injunctive relief was denied was this Court's review of what has occurred in the Bankruptcy Court for the Middle District of Florida, including the orders and opinions that have been supplied to this Court and the transcript of the June 17 hearing conducted on the joint motion to compromise claims against Defendant by the debtor's trustee, as well as the representations made by defense counsel in the hearing conducted in this Court on June 14.[1]  Thus, it is this Court's understanding from those sources that Plaintiff has an adequate forum in which to assert objections based upon privilege, work product, and confidentiality and to have those objections resolved before testimony or production of documents is allowed or compelled in the Rule 2004 proceeding.  This Court was focused in the June 24 order on the Bankruptcy Court proceedings and did not address any conduct outside of the Rule 2004 proceeding, but the Court does not interpret the Bankruptcy Court's order to give license to Defendant to act contrary to her ethical and contractual obligations to Plaintiff.

Accordingly, the motion (ECF No. 14) for reconsideration of the Court's June 24, 2013, order is GRANTED to the extent the Court has now considered Plaintiff's reply brief and supporting materials.  The Court AFFIRMS the June 24 order.

---

[1] Defense counsel, Steven N. Leitess, Esq., specifically said to the undersigned in open court, "Nothing comes out [at the Rule 2004 examination] until the judge rules on it." (Tr. June 14, 2013, p. 12.)  Additionally, the Bankruptcy Court judge considered in a September 17, 2012, hearing the question of who owns the documents in Defendant's possession and said he would not compel Defendant to produce any documents Defendant does not own. (Pl.'s Mot. Recons. Ex. 3.)  Also, the Bankruptcy Court judge on September 12, 2012, modified his earlier omnibus discovery order "such that any party named as a Defendant in the Pending Litigation may appear in person and fully participate in the examination, including asking questions, making comments, or raising any objection they may deem necessary on the record." (*Id.* Ex. 4.)  The latter coupled with defense counsel's representation to this Court that the judge must rule on objections before anything is disclosed at the Rule 2004 examination suffices for a fair procedure to resolve Plaintiff's concerns.

DATED this 26th day of June, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge