# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| FUNDAMENTAL ADMIN. SERVS., LLC, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-13-1708 |
| KRISTI ANDERSON, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND PRELIMINARY INJUNCTION

Pending before the Court is a motion filed by Plaintiff Fundamental Administrative Services ("FAS") entitled Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Sanctions against Kristi Anderson, Steven N. Leitess and Leitess Friedberg PC. (ECF No. 28.) This Court earlier granted this motion in part by entering a Temporary Restraining Order ("TRO"), the second of two entered in this case. (TRO, 9/27/2013, ECF No. 32.) Pursuant to this Court's authority under Federal Rule of Civil Procedure 65, and as necessary in aid of its jurisdiction, *see* 28 U.S.C. § 2283, the Court will grant in part Plaintiff's motion and enter this Preliminary Injunction.

The Court incorporates its earlier opinions and does not repeat the facts here except as necessary to explain its ruling. In earlier orders, this Court granted in part FAS's first request for a TRO to prevent Defendant Anderson from violating her ethical and contractual obligations to FAS (ECF No. 5), dissolved the TRO after further proceedings (ECF No. 13), and denied Anderson's motions for sanctions against FAS and its attorneys (ECF Nos. 13, 24). As has been noted, these orders were all against the backdrop of Anderson's and FAS's participation in

bankruptcy and related adversary proceedings that involve many different and sometimes related parties in other courts. The Court ruled that any issues regarding Anderson's conduct in relation to privilege and confidentiality concerns of FAS were to be resolved by the bankruptcy judge. (Mem. & Order, 6/24/2013, ECF No. 13.) In its most recent TRO, the Court found that Anderson had unnecessarily included apparently privileged and confidential communications in a Maryland state court complaint in which Anderson sought redress for harm allegedly caused to her in connection with FAS's termination of her employment as its former general counsel. (TRO, 9/27/2013.) Thus, a TRO was justified to prevent Anderson from violating her ethical and professional obligations to her former client.

On October 9, 2013, this Court conducted a hearing and heard arguments from both sides on the question of whether to order preliminary injunctive relief. In *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), the Supreme Court set forth the following standard for preliminary injunctive relief:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Id.* at 20. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. Courts are called upon to balance a plaintiff's claims of injury against the burdens to be imposed upon the defendant, and they must "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* at 24.

The Court's prior analysis in its September 27th order is still valid. Applying the *Winter* standard to these circumstances, the Court finds that Plaintiff has met the standard. FAS is likely to succeed on the merits of the issue of whether Anderson can reveal without permission from

FAS that entity's privileged and confidential information. Further, FAS is likely to suffer irreparable harm in the absence of preliminary relief, and the balance of equities tips in its favor. It is unquestionable that an injunction is in the public interest given the important purpose, deeply ingrained in our society and our system of justice, of requiring an attorney to protect a client's confidences.

As before, the Court intends to provide appropriate protection to FAS while leaving Anderson free to conduct her state court litigation without unreasonable restraints. It is also the Court's intent to be the arbiter of the question of FAS's privileges and confidences only in relation to the lawsuit now before it; to the extent another court has competent jurisdiction to entertain such questions in the context of other proceedings, then this Court will not intrude upon another court's determination of matters properly before it. Thus, the order being entered is calculated to respect other courts' jurisdiction while protecting the jurisdiction of this Court to decide the case and issues that are properly before it. Furthermore, in ruling on September 27th that Anderson was to withdraw her original state court complaint, the Court specifically provided that Anderson's "right to file a suitably redacted/amended complaint that does not reveal FAS's privileged or confidential information but still provides the minimum basis for her claims for relief under Maryland law" was without limitation. In so ruling, the Court had and has no intention to create any difficulty for her with regard to statutes of limitation, and the Court was assured by both parties' counsel in the October 9th hearing that an amended pleading based upon the same nexus of facts as the original pleading relates back to the time of filing the original pleading under governing Maryland procedure.

Accordingly, it is hereby ORDERED:

1. Plaintiff's motion (ECF No. 28) is GRANTED IN PART and this Preliminary Injunction is ENTERED.

2. Defendant and her counsel and anyone acting at Defendant's or Defendant's counsel's direction ARE HEREBY ENJOINED from violating Defendant's ethical obligations to respect her former client FAS's privileges and confidences.

3. Excepted from the scope of this Temporary Restraining Order are any proceedings in other courts in which a court has made a determination as to FAS's privileges and confidences in the context of those other proceedings. Otherwise, Defendant SHALL OBTAIN FAS's permission or an order from a court of competent jurisdiction BEFORE disclosure by any means to anyone of FAS's privileged or confidential information.

4. Defendant SHALL NOT FILE any document in her state court proceeding (*Anderson v. Fulchino et al.*, Baltimore County Circuit Court Case No. 13-10459) or any other proceeding that reveals FAS's privileged or confidential information other than as specified in Item 3 of this Preliminary Injunction. Defendant MAY FILE a suitably redacted/amended complaint that does not reveal FAS's privileged or confidential information but still provides the minimum basis for her claims for relief under Maryland law.

5. Defendant SHALL RETURN to FAS any document, whether in electronic or paper form, that Defendant obtained through her employment and representation of FAS and that is in her or her counsel's possession, custody, or control, EXCEPT FOR any document that pertains to Defendant's compensation or other benefit while employed with FAS.

6. Plaintiff's motion is DENIED IN PART to the extent it seeks relief different from what is specifically awarded here and in the prior Temporary Restraining Order (ECF No. 32). Defendant's pending motion to dismiss the Verified Amended Complaint (ECF No. 27) shall be addressed separately. Plaintiff's request for attorney's fees associated with filing this motion is DENIED without prejudice to Plaintiff's ability to file any such motion for the same in the Baltimore County Circuit Court.

DATED this 9th day of October, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge