IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
DISTRICT COURT
DISTRICT OF MARYLAND

2014 JUN 27 P 3: 38

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

FUNDAMENTAL ADMIN. SERVS., LLC,

Plaintiff

v.                                               CIVIL NO. JKB-13-1708

KRISTI ANDERSON,

Defendant

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant Kristi Anderson's Motion to Modify or Vacate Court's June 18, 2014, Order. (Motion, ECF No. 119.) Although the motion is now moot based on the Court's granting the requested relief (Order, June 25, 2014, ECF No. 118), it is worthwhile to respond to certain statements made in the pending motion.

Anderson states she is appearing *pro se* with respect to certain matters and that she is represented by Stacey A. Moffet, Eric M. Rigatuso, and Eccleston & Wolf, P.C. (collectively, "Eccleston"), as to certain other matters. (Motion 1.) Anderson and Eccleston point out that particular filings in this case were made by Anderson's former counsel (Steven Leitess, who has withdrawn his appearance) and others were made by Eccleston and implicitly suggest that the Court was somehow put on notice of their desired division of duties by those filings. As further support for this suggestion, Anderson and Eccleston point to Eccleston's notice of appearance on behalf of "Defendant, Kristi Anderson," apparently to show Eccleston did not intend to be regarded as Anderson's counsel for her subsequent counterclaim and third-party complaint. (Motion 3-4.) The undersigned has a significant caseload, and many of the cases include

multiple representations by various counsel; it is common for different lawyers to file documents in the same case for the same party. As long as something is filed on behalf of a party, the Court pays no attention to which attorney has made a particular filing. Nor does the Court look behind those filings and make a judgment as to the scope of any individual attorney's representation. A notice of appearance is assumed to embrace all succeeding matters in the case unless the Court is explicitly informed otherwise. Eccleston's notice of appearance contained no limitation. The Court not unreasonably believed its notice of appearance constituted a typical notice of appearance rather than the atypical scenario presented here. Anderson's and Eccleston's expectation that the Court would parse the contents of the docket to determine their respective roles was not reasonable.

As for Anderson's intention to proceed *pro se* regarding certain matters, the Court will permit that with the understanding that she will be treated as other *pro se* litigants before the Court. Any orders filed will not be directed specifically to Anderson or Eccleston because how they want to divide matters between them is not the Court's concern. Anderson and the lawyers from the Eccleston firm are now all permitted to act on Anderson's behalf in this matter. Based on the Court's earlier rulings, it is now emphasized that Leitess and Friedberg PC, where Anderson is now otherwise employed, will have no contact with this case.

Accordingly, it is hereby ORDERED that the Motion to Modify or Vacate Court's June 18, 2014, Order (ECF No. 119) is MOOT. The Clerk shall mail a copy of this order to Plaintiff at the address included by her on the motion.

DATED this 27 day of June, 2014.

BY THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge