IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **FUNDAMENTAL ADMIN. SERVS., LLC,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-13-1708 |
| **KRISTI ANDERSON,** | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Kristi Anderson's motion to stay the case. (ECF No. 144.) The Court has considered it, Plaintiff's and Third-Party Defendant's opposition (ECF No. 149), and the reply (ECF No. 152). No hearing is required. Local Rule 105.6 (D. Md. 2014). The motion will be denied.

Anderson's motion is premised upon the assertion that the litigation pending in the United States Bankruptcy Court for the Middle District of Florida involving debtor Fundamental Long Term Care, Inc. ("FLTCI") overlaps the instant litigation. Specifically, she states that the Florida Bankruptcy Court will determine whether Plaintiff Fundamental Administrative Services, LLC ("FAS") is the successor in interest to another company called THMI, which was a wholly owned subsidiary of FLTCI. If so, she posits, FAS will be liable for THMI's debts and obligations, including the release given to Anderson by the bankruptcy trustee on behalf of FLTCI and THMI. Thus, she argues, the release would bind FAS so that Anderson would also be released from the current litigation. (Def.'s Mot. Stay Supp. Mem. 4-5.)

That is an overly generous interpretation of the release, which provided in pertinent part,

(d) The Trustee and THMI shall immediately dismiss the District Court Actions, as against Ms. Anderson only, with prejudice.

(e) The Trustee shall grant Ms. Anderson and her counsel a full release of all claims that have been or might be asserted by the Debtor, the Trustee, or THMI, whether known or unknown.

(Bkr. Mem. Op. & Order Granting Jt. Mot. Compromise with Kristi Anderson, June 21, 2013, at 11, ECF No. 144-4.)

If FAS is deemed to be a successor to THMI, then the release would only address claims that have been or might be asserted by THMI if it were still an existing entity. But Anderson's suggestion that FAS's *own* claims against Anderson—that were not inherited by FAS from THMI and that arose after FAS became THMI's successor—are also released is untenable. Anderson has provided no evidence that the bankruptcy trustee's authority extended that far. All that she has offered is the bankruptcy trustee's affidavit to the effect that she *intended* to release Anderson from "all claims of THMI, along with its predecessors or successors in interest" and *intended* "to release any claim whether known or unknown, existing presently or arising in the future, held by FLTCI or THMI, among others, including but not limited to all successors and assigns which include any persons or entities who have continued the operations and business of FLTCI or THMI, including, but not limited to, THIBM, FCC and FAS." (Scharrer Aff. ¶¶ 8, 9, July 30, 2014, ECF No. 144-2.) The bankruptcy trustee's *post hoc* interpretations of the actual release language lack credibility.

Anderson's other argument in favor of a stay is that, at the time she filed this motion, the Florida Bankruptcy Court was going to make rulings on questions of attorney-client privilege and work-product protection and that the Court should stay the instant case "to avoid duplicative litigation and the potential for inconsistent verdicts." (Def.'s Mot. Stay 3.) As the undersigned

2

has repeatedly stated, questions of attorney-client privilege and work-product protection arising in other cases are not this Court's concern. The Florida Bankruptcy Court is addressing what is before it, and this Court is doing the same.

Anderson has provided no justification for staying the current action. Her motion (ECF No. 144) is DENIED.

DATED this 6th day of November, 2014.

                                                                  BY THE COURT:

                                                                  _____/s/_____
                                                                  James K. Bredar
                                                                  United States District Judge