**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | \* | |
| FUNDAMENTAL ADMIN. SERVS., LLC, | \* | |
| Plaintiff | \* | |
| v. | \* | CIVIL NO.  JKB-13-1708 |
| KRISTI ANDERSON, | \* | |
| Defendant | \* | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM  AND  ORDER**

Pending before the Court are Plaintiff's Motion for Preliminary Injunction and Sanctions against Kristi Anderson, Steven Leitess, and Leitess Friedberg PC for Repeated Violations of Court Orders (ECF No. 160) and Anderson's Motion to Stay Enforcement of Contempt Order (ECF No. 175).  The motion for preliminary injunction is ripe (ECF Nos. 173, 174, 179, and 182) and involves no disputes of fact.  It will be denied.  Anderson's motion to stay will be held in abeyance pending limited discovery.

*I.  Motion for Preliminary Injunction*

Preliminarily, the Court declines to hold a hearing on Plaintiff's motion for preliminary injunction.  Such a hearing is not required when no disputes of fact exist and the denial of the motion is based upon the parties' written papers.  *See Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 893-94 (1st Cir. 1988) ("an evidentiary hearing is not an indispensable requirement when a court allows or refuses a preliminary injunction") (citing cases).  In a well-respected treatise, it is stated:

> Even if a party desires to present testimony [as to a motion for preliminary injunction], several federal courts have held that when there is no factual controversy the trial court has discretion to issue an order on written evidence alone, without a hearing.  Similarly, preliminary injunctions are denied without a hearing, despite a request for one by the movant, when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless.  This practice is supported by Rule 78(b), which provides that "the court may provide for submitting and determining motions on briefs, without oral hearings," and by the fact that Rule 65 does not explicitly require an oral hearing on a preliminary-injunction motion.

11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2949, at 246-48 (2013) (footnotes and citations omitted).  In the instant case, the parties' written submissions do not raise a question of fact that must be resolved before the Court may rule on Plaintiff's motion.  Thus, no hearing is required.  Local Rule 105.6 (D. Md. 2014).

In *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), the Supreme Court set forth the following standard for preliminary injunctive relief:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Id.* at 20.  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id.* at 22.  Courts are called upon to balance a plaintiff's claims of injury against the burdens to be imposed upon the defendant, and they must "pay particular regard for the public consequences in employing the extraordinary remedy of injunction."  *Id.* at 24.  This standard is not met in Plaintiff's pending motion for preliminary injunction.

The record before the Court does not support a finding of irreparable injury in the absence of preliminary relief or a finding that an injunction is in the public interest.  Plaintiff complains about certain arguments made by Mr. Leitess on behalf of Anderson in the Florida

2

bankruptcy proceedings in relation to two motions he filed there.  He filed a motion for a court order to permit Anderson to participate in the mediation involving the remaining parties to the bankruptcy case, and he also filed a motion for Anderson to intervene so that she could object to a proposed settlement between the bankruptcy trustee and the other parties, including Plaintiff as successor to the debtor.

In the course of Mr. Leitess's representation of Anderson, he advocated in writing and in oral argument for adjudication of the instant case by the Florida bankruptcy court on the theory that the claims between Plaintiff and Defendant constituted a "core proceeding."  Before he made those arguments in Florida, this Court had granted his motion to withdraw from representation of Anderson in this case for the reason that his former representation of Plaintiff created a conflict of interest.  Thus, he was to have nothing further to do with this case.  (ECF No. 113).  Mr. Leitess's argument crossed over the line of permissible argument, given his conflict of interest; the fact that his argument did not occur in this Court is not determinative in this regard.  Rather, the determinative factor is that he was injecting his representation of Anderson's interests *in this case* in a judicial proceeding, albeit in a different court.  As will be later explained, however, Mr. Leitess's troubling conduct is insufficient basis for a new order of preliminary injunctive relief.

The second line of argument with which Plaintiff takes issue is Mr. Leitess's contention in the Florida court that the bankruptcy trustee's prior release of all the debtor's claims against Anderson included Plaintiff's claims against Anderson that are the subject of this case.  This argument is inconsistent with this Court's analysis of the release.  (*See* ECF No. 156.)  Even so, the Court's interpretation of the release was only made in connection with Anderson's motion to stay proceedings last Fall; the release, in this Court's view, did not justify staying proceedings

here.  Although it is unlikely that this second argument will gain any traction elsewhere, the Court's interpretation was not intended to have the far-reaching effect sought by Plaintiff, which, in plain terms, is to foreclose Anderson's argument regarding the proper analysis of the release by another court.  The Court sees no justification for such a prior restraint on speech.

Although Anderson argues that Mr. Leitess only represented her in relation to the Florida bankruptcy proceedings and that she represented herself there as to this case, she has not supported that statement with an entry of appearance *pro se* or copies of any *pro se* filings.  The Court gives no credence to Anderson's statement in this regard.  Moreover, her statement is contradicted by the arguments made by Mr. Leitess on her behalf.

One other matter has arisen that the Court will address before ruling on the merits.  In a telephonic conference with counsel about scheduling, the Court raised the question of whether it has jurisdiction over Mr. Leitess so that he could be required to appear for a hearing on Plaintiff's motion.  The Court finds Mr. Leitess is subject to its jurisdiction on this matter because of the Court's earlier order addressing the propriety of his representation of Anderson (ECF No. 113).  Any issue as to his compliance with that order is sufficient basis for requiring him to appear in this Court to defend against Plaintiff's motion for preliminary injunction.

As to the merits, the Court is unable to discern any threat of irreparable injury to Plaintiff.  Even granting the impropriety of Mr. Leitess's argument in Florida, the Court is unpersuaded of the likelihood of irreparable injury from his making such arguments, in the present or in the future.  The Court notes the problematic argument was most likely immaterial in the Florida proceedings because it is extremely doubtful the Florida bankruptcy court could adjudicate the relevant issues pending before this Court.  (Further, there is no indication that the Florida court

attempted to do so.)  The futility of Mr. Leitess's efforts to bring issues from the instant case into the Florida proceeding undercuts the notion of potentially irreparable injury to the Plaintiff.

Having said that, the Court reiterates that Mr. Leitess has no role to play in this case, and any further backdoor attempt by him or his firm to act as Anderson's attorney in relation to this case in this Court or any other court may subject Mr. Leitess and his firm to sanctions.  Mr. Leitess should consider himself duly cautioned.

This Court's existing orders are sufficient in directing the conduct of all concerned.  No additional order is needed now.

## II.  Motion to Stay Enforcement of Contempt Order

Anderson has sought a stay of the Court's contempt order (ECF No. 171) on two grounds, one of which is financial hardship.[1]  (ECF No. 175.)  Plaintiff has responded in a neutral fashion because it believes it has insufficient information to decide whether to oppose the motion.  (ECF No. 181.)  Thus, Plaintiff has proposed that it be allowed to conduct limited discovery on this matter.  Plaintiff's request is reasonable and is granted.  Plaintiff may propound up to fifteen interrogatories and fifteen document requests, and Plaintiff may also depose Anderson up to four hours.  This limited discovery should be completed by June 15, 2015.  Until Anderson's motion is resolved, enforcement will be stayed.

## III.  Conclusion

The Court concludes that Plaintiff's motion for preliminary injunction and sanctions (ECF No. 160) does not meet the governing standard for preliminary injunctive relief.

---

[1] Another argument in support of Anderson's motion is her lack of opportunity to have appellate review of the contempt finding and penalty imposed until after a final judgment is rendered.  The Court will address both arguments when the motion is ripe, which will follow Plaintiff's additional discovery as to Anderson's financial hardship.

Accordingly, it IS DENIED.  Anderson's motion to stay enforcement of the Court's contempt order (ECF No. 175) IS HELD IN ABEYANCE pending limited discovery in accordance with this opinion and order.   Further, the Court's contempt order (ECF No. 171), insofar as it mandates Anderson's payment of a fine, IS STAYED pending the resolution of Anderson's motion.  Plaintiff SHALL FILE its response to Anderson's motion within fourteen days of the completion of the limited discovery.

DATED this 13th day of May, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge