IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| FUNDAMENTAL ADMIN. SERVS., LLC, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-13-1708 |
| KRISTI ANDERSON, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is Defendant Kristi Anderson's motion to vacate certain opinions and orders in this case or, alternatively, to seal them. (ECF No. 204.) The motion is unopposed, and no hearing is necessary. Local Rule 105.6 (D. Md. 2014). The motion to vacate will be granted.

This case began with Plaintiff Fundamental Administrative Services, LLC's ("FAS") complaint against Anderson, who formerly served as FAS's in-house general counsel. (Compl., ECF No. 1.) It later included Anderson's counterclaim against FAS for alleged breach of employment contract. (ECF No. 95.) Anderson's motion focuses on four opinions and orders. First, during the course of litigation, the Court entered a preliminary injunction against Anderson relating to confidentiality of FAS's information and the return by her to FAS of the latter's documents. (ECF No. 41.) Later, the Court denied Anderson's motion to alter or amend the preliminary injunction. (ECF No. 97.) Following that, the Court issued a show-cause order (ECF No. 122) upon FAS's motion asking the Court to find Anderson in contempt (ECF No. 86). Finally, the Court granted FAS's motion and held Anderson in contempt. (ECF No. 171.)

The parties undertook mediation and, to their credit, have settled their differences. (Mot. 2.) As part of their settlement, the parties agreed Anderson would forego her right to appeal the preceding orders provided the Court grants the instant motion and vacates the orders. (*Id.*) The Court has reflected upon this request and now concludes it is commensurate with the purpose of the civil justice system to resolve cases and controversies between litigants.

Civil contempt is not intended to punish. Instead, it is intended either to coerce compliance with court orders or to provide a remedy to a party damaged by the conduct constituting contempt. *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995). In the present situation, the need for injunctive relief and the need either to coerce compliance or to remedy noncompliance no longer exist. The parties report to the Court their mutual satisfaction with their settlement, including the provision that the four orders in question be vacated. The Court honors their voluntary resolution of the claims in this case by granting that request. Denial of the request to vacate serves no useful purpose.

Accordingly, IT IS HEREBY ORDERED that Anderson's motion (ECF No. 204), construed as a motion to vacate, IS GRANTED. The following orders ARE VACATED: ECF No. 41, ECF No. 97, ECF No. 122, and ECF No. 171. Because the parties have communicated their settlement of this case to the Court, a separate order will be entered pursuant to Local Rule 111 dismissing the case.

DATED this 17th day of November, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge